IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANNA MARIE WATSON | : | |
| | : | |
| Plaintiff | : | No. 4:07-CV-2048 |
| | : | |
| v. | : | (Judge McClure) |
| | : | |
| COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF PUBLIC WELFARE, | : | |
| | : | |
| Defendant. | : | |

**M E M O R A N D U M**

May 12, 2009

**BACKGROUND:**

On November 9, 2007, plaintiff, Anna Marie Watson, instituted this civil action against the Commonwealth of Pennsylvania, Department of Public Welfare ("DPW"), setting forth claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"), and under the Pennsylvania Human Relations Act, 43 P.S. §§ 951, et seq. ("PHRA"). On November 22, 2007, plaintiff filed an amended complaint. (Rec. Doc. No. 7). In her two-part amended complaint, plaintiff contends she was discriminated against, as the result of her gender, when her seniority was stripped from her, resulting in the loss of a permanent

1

employment position, and when defendant failed to promote her to a supervisory position for which she was qualified.

The parties have completed discovery. On August 29, 2008, defendant filed its motion for summary judgment. (Rec. Doc. No. 16). We issued a memorandum and order denying defendant's motion on January 21, 2009. (Rec. Doc. No. 25). On February 4, 2009, defendant filed a motion for reconsideration. (Rec. Doc. No. 27). We denied defendant's motion for reconsideration on April 9, 2009. (Rec. Doc. No. 40).

On April 8, 2009, plaintiff filed a motion in limine, seeking to prevent defendant's other female employees from testifying that they have not suffered discrimination. (Rec. Doc. No. 38). On April 14, 2009, defendant filed a motion in limine, in an effort to exclude evidence pertaining to the seniority lottery conducted on June 22, 2005. (Rec. Doc. No . 43). The requisite briefs for both motions have been filed. These matters are now ripe for disposition.

For the following reasons, we will deny plaintiff's motion in limine and deny defendant's motion in limine.

**DISCUSSION:**

## 1. Plaintiff's Motion in limine

According to the plaintiff, evidence must "have a proper purpose" to be "admissible under Federal Rules of Evidence 401-403." Ansell v. Green Acres Contracting Co., 347 F.3d 515, 530 (3d Cir. 2000). Plaintiff contends that defendant runs afoul of this by attempting to enter the testimony of other female employees at Camp #3 into evidence because those employees "are not in comparable positions to the plaintiff, and the absence of discrimination against other employees [does] not disprove the actions of which [p]laintiff complains." (Rec. Doc. No. 39, p. 2). In support of her assertion, plaintiff claims that the differences in the circumstances in the positions held by the female employees renders their testimony irrelevant. Furthermore, plaintiff also argues that defendant wishes to demonstrate, in violation of law, that it acted properly in this instance because it had done so in other situations. See id. at 520 (citing Gov't of the Virgin Islands v. Pinney, 967 F.2d 912, 914 (3d Cir. 1992) (holding that "other acts" evidence is inadmissible if proffered to show an individual's propensity to act in a particular manner).

In response, defendant contends that all of the testimony in question is directed at refuting plaintiff's argument that she was not promoted because there is

a general attitude among the men, including management, at Camp #3 that men are better suited for certain positions and therefore receive more favorable treatment than women.  Moreover, defendant notes that the testimony in question is relevant, despite the employees holding different positions at Camp #3, because all of the positions fall under the same management hierarchy, thereby permitting these proposed witnesses to assess the existence (or lack thereof) of the allegedly discriminatory management scheme and the treatment of female employees in relation to male employees.

The Federal Rules of Evidence only permit the admission of relevant evidence.  Fed. R. Evid. 402.  Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401.  Under Federal Rule of Evidence 404(b), relevant "[e]vidence of other . . . acts is not admissible to prove the character of a person in order to show action in conformity therewith."  Fed. R. Evid. 404(b).  However, evidence of other acts is admissible "if offered for a proper purpose apart from showing that the individual is a person of a certain character."  Ansell, 347 F.3d at 520 (citing Pinney, 967 F.2d at 914).  Proper purposes include, but are not limited to, "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of

mistake or accident . . . ." Fed. R. Evid. 404(b).

After a review of the record and the applicable law, it is clear that the proposed testimony is admissible. Throughout this case, plaintiff has averred, <u>inter alia</u>, that she was not promoted because she was a woman and that the male-dominated management structure consistently lavished male employees, and specifically fellow male Youth Development Aides, with more favorable treatment than she received. In opposition, defendant has argued that Watson failed to secure a promotion, not because she was a woman, but because other candidates performed in a superior fashion throughout the interview process.

The outcome of this case will largely turn on whether the jury believes the legitimate reason advanced by defendant was the true reason for not promoting plaintiff, or whether that reason was simply a pretext for unlawful discrimination. In analogous cases, evidence of an employer's conduct towards other employees is relevant and admissible to show that an employer's proffered justification is or is not pretext. <u>Ansell</u>, 347 F.3d at 521 (citations omitted).

Consequently, because plaintiff's case relies, in part, on whether the management at Camp #3 has advanced a general discriminatory agenda, defendant may offer other act evidence negating discriminatory intent. <u>Id.</u> (citations omitted). This evidence may include testimony of Camp #3's other female employees

5

because, although they may not hold the same position as the plaintiff, they were subordinate to the same management that plaintiff alleges treats men more favorably than women. Therefore, their perspectives are similar enough to the plaintiff's to enable them to provide evidence regarding the alleged existence of a discriminatory plan and the allegation that management intends to treat men more favorably and promote only men at Camp #3. See id. at 521.

2. Defendant's Motion in limine

As previously noted, only relevant evidence is admissible. Fed. R. Evid. 402. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. However, even relevant evidence is inadmissible if "its probative value is substantially outweighed by the danger of . . . confusion of the issues, or misleading the jury . . . ." Fed. R. Evid. 403.

Defendant contends that plaintiff should be barred from proffering any evidence regarding the seniority lottery draw conducted on June 22, 2005 because it is irrelevant, and, in the alternative, is of so little probative value that it is

outweighed by the danger of confusion of the issues and misleading the jury. Defendant argues that this evidence is irrelevant because the sole question for the jury is whether plaintiff was discriminated against based upon her gender when she did not receive the Youth Development Aide Supervisor ("YDAS") position in 2007, not whether the 2005 seniority lottery should have been conducted. Defendant also avers that allowing such evidence will confuse and mislead the jury because it will consider the 2005 seniority lottery in reference to the plaintiff's inability to secure a promotion to the YDAS position two years later.

Plaintiff contends, and we agree, that the seniority lottery could serve to demonstrate that men, and specifically Neal May, the ultimate successful candidate for the YDAS position, received more favorable treatment than women at Camp #3. Although the seniority lottery may not serve as the basis for a gender discrimination claim on its own, it is relevant to establish that a larger discriminatory system deprived plaintiff of the promotion for which she applied. While, for the reasons echoed by the defendant, we find this claim is dubious at best, this is an issue for the jury to consider.

Additionally, defendant has provided little reason to believe that the probative value of this evidence is substantially outweighed by the risk of confusion. The new YDAS was determined via an interview process conducted

7

two years after the lottery; yet no reasonable argument has been presented to us detailing how confusion will strike the jury in regards to the lottery's influence upon those interviews. Defendant simply arrives at that conclusion with little argument or support. Furthermore, any limited confusion the jury might endure could be countered for the reasons defendant cited in support of this motion.

**CONCLUSION:**

    For the forgoing reasons, we will deny both plaintiff's motion in limine and defendant's motion in limine.

                                                            s/ James F. McClure, Jr.
                                                           James F. McClure, Jr.
                                                           United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANNA MARIE WATSON | : | |
| | : | |
| Plaintiff | : | No. 4:07-CV-2048 |
| | : | |
| v. | : | (Judge McClure) |
| | : | |
| COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF PUBLIC WELFARE, | : | |
| | : | |
| Defendant. | : | |

**O R D E R**

May 12, 2009

For the reasons set forth in the accompanying memorandum,

**IT IS HEREBY ORDERED THAT:**

1. Plaintiff's motion in limine is DENIED. (Rec. Doc. No. 38).

2. Defendant's motion in limine is DENIED. (Rec. Doc. No. 43).

                                                  s/ James F. McClure, Jr.
                                                  James F. McClure, Jr.
                                                  United States District Judge